**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 7, 2009

Charles R. Fulbruge III
Clerk

No. 08-31157
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROGER WILLIAMS,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-CR-132-1

Before WIENER, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Roger Williams pleaded guilty to one count of possessing with the intent to distribute at least 50 grams of crack and one count of possessing a firearm in furtherance of a drug-trafficking crime. Applying the recidivist enhancement, the district court determined that Williams was subject to a 20-year mandatory minimum sentence on the drug count. 21 U.S.C. § 841(b)(1). The court sentenced Williams to consecutive prison terms of 240 months for the drug violation and 60 months on the firearm count. Williams argues that the court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

should not have imposed the enhanced sentence for the drug offense because, he contends, the Government failed to file, before the entry of Williams's guilty plea, an information specifying the prior conviction it relied on to enhance the sentence. *See* 21 U.S.C. § 851(a).

Under the terms of the plea agreement, Williams waived the right to appeal his sentence unless it was higher than the statutory maximum. Before Williams entered his guilty plea, however, the district court incorrectly advised that he could appeal the sentence if it was "illegal, above the maximum guideline range, or above the maximum statutory range."

The Government seeks to enforce the appeal waiver and argues that Williams's appeal should be dismissed. In light of the district court's failure to describe the appeal waiver accurately, we assume without deciding that Williams did not knowingly waive the right to appeal his sentence as Williams's appeal is more easily resolved on its merits.

A defendant, through his actions, can waive compliance with § 851's requirements, *see United States v. Dodson*, 288 F.3d 153, 160-61 (5th Cir. 2002), and that is what Williams has done here. Throughout the proceedings in the district court, Williams repeatedly and affirmatively acknowledged that he would receive an enhanced sentence. In the plea agreement, Williams acknowledged that he was subject to a mandatory minimum sentence of 20 years because he had a prior felony drug conviction, and the agreement detailed the prior conviction that justified the enhancement. Furthermore, during the Rule 11 colloquy, the district court explained the 20-year mandatory minimum sentence, and before pleading guilty, Williams told the court that he understood the minimum penalty. Both in the plea agreement and during the Rule 11 colloquy, Williams necessarily agreed that he would receive a sentencing enhancement based on his prior conviction and, thus, waived any argument that the Government failed to comply with the § 851 requirements. *See Dodson*, 288 F.3d at 160-61. Even if he did not waive compliance, he forfeited his right to

raise the argument on appeal by failing to raise it in the district court, and, for the same reasons, we decline to exercise our discretion to address the forfeited error as Williams has not sought to withdraw his guilty plea and received the sentence that he expected. *See id.* at 162.

The judgment of the district court is AFFIRMED.